IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD LEES**

    **Plaintiffs,**

v.                                    Case No. 2:06-CV-984
                                           JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Abel

**THERMO ELECTRON CORP., et al.**

    **Defendants.**

## PRETRIAL ORDER

This matter is before the Court on Defendant Thermo Electron Corp.'s renewed motions *in limine* to exclude evidence of a pattern of discrimination or "me too" evidence and to exclude the "stray remark" allegedly made by Graessle, a previously dismissed individual defendant. Following the final pretrial conference, the parties submitted additional briefing on these motions *in limine* as directed by the Court. (Doc. ##76, 78, 79).

Based on the deposition testimony and briefs submitted by the parties, the Court finds that the proposed testimony of former Thermo employees Cathy Talarico, Ann Gargano and Glen Campbell is not relevant to the issue of Plaintiff's termination, and does not have probative value outweighing the danger of unfair prejudice to Defendant.

Each of these proposed witnesses were employed by Defendant in a different region than Plaintiff, reported to different individuals, and were terminated in connection with a formal workforce reduction following a corporate acquisition and reorganization in April, 2007. Accordingly, Plaintiff has not met the standard for admissibility articulated in *Schrand v. Federal*

*Pacific Elec. Co.*, 851 F.2d 152 (6th Cir. 1988) (testimony regarding the termination of two other employees under different circumstances than that of the plaintiff's termination not relevant and not admissible under Evidence Rule 403).

The Court further finds that the probative value of Graessle's alleged statement referring to Plaintiff as a "dinosaur" is substantially outweighed by the potential for unfair prejudice. As the Court has previously found, Graessle had no role in or knowledge of Plaintiff's termination.

The Sixth Circuit held in *Boyle v. Mannesmann Demag Corp.*, 1993 U.S. App. LEXIS 8682, 6-7 (6th Cir. Apr. 13, 1993), that statements by managers regarding hiring "younger and hungrier" employees, and that the company had "too many old farts" are:

> inadmissible because they are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination. *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 n.2 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987). *See McLaurin v. Fischer*, 768 F.2d 98, 104 (6th Cir. 1985) (age-related statement excluded as irrelevant). In the present case, Persch was not involved in plaintiff's termination; thus, his statement was irrelevant. Furthermore, although Kurowski did approve plaintiff's termination, his statement was made four years prior to plaintiff's discharge. Thus, both statements were irrelevant.

The one stray remark attributed to Graessle was made, if at all, at least three years prior to Plaintiff's termination, unrelated to any adverse employment action by Defendant, and by a person outside of Plaintiff's chain of command. Accordingly, the stray remark is inadmissible, and Plaintiff is directed not to reference the "dinosaur" remark in any manner during the course of the trial.

**IT IS SO ORDERED.**

9-29-2008
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE