IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD LEES,

    Plaintiff,

v.

                              Case No. 2:06-CV-984
                              JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Abel

THERMO ELECTRON CORP., et al.

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for New Trial. (Doc. 103). For the reasons that follow, Plaintiff's motion is DENIED.

### I.

Briefly, the relevant history of this case is as follows. Plaintiff filed an Amended Complaint against his employer and managers, Defendants Thermo Fisher Scientific Inc., John Taulien and Jeffrey Schneider, alleging that Defendants discriminated against and terminated him based on his age, in violation of Ohio and Federal law. The Court denied Defendants' motion for summary judgment, in part, finding sufficient material facts in dispute for trial on Plaintiff's discrimination and retaliation claims. A jury trial was held from September 29, 2008, to October 14, 2008. At the conclusion, the jury found in favor of Defendants.

Plaintiff now seeks a new trial, contending that the Court erred by "not giving a jury instruction on age discrimination that correctly stated the law; by giving an instruction that confused the jury and by failing to instruct the jury further once they submitted written questions which demonstrated that they were confused by the instructions."

Plaintiff's motion for new trial is denied for the following reasons. First, Plaintiff failed to object to the jury instructions as given as required by Fed. R. Civ. P. 51. Second, the jury instructions properly instructed the jury on the applicable law, and are consistent with the Court's Order denying summary judgment. Last, a juror's post-verdict comments regarding the jury's deliberations cannot be considered by this Court. Fed. R. Evid. 606(b).

## II.

The standard for obtaining a new trial under Fed. R. Civ. P. 59(a) is exacting. A jury verdict is presumed valid, and a district court will not interfere "unless it is clear that the jury reached a seriously erroneous result." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996) (citations omitted).

"A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Bowman v. Koch Transfer Co.*, 862 F.2d 1257, 1263 (6th Cir. 1988). "The purpose of jury instructions is to inform the jury on the law and to provide proper guidance and assistance in reaching its verdict. The trial court enjoys considerable latitude in selecting appropriate language, the test being whether the instructions as a whole correctly state the applicable law." *Bucyrus-Erie Co. v. General Products Corp.*, 643 F.2d 413, 418 (6th Cir. 1981); *Central On Line Data Sys. v. Filenet Corp.*, 1996 U.S. App. LEXIS 25261 (6th Cir. Aug. 23, 1996).

The jury instructions in this case were compiled as follows. In accordance with the Court's pretrial order, the parties submitted proposed jury instructions on August 25, 2008, five weeks before trial. (Doc. 55). Both parties prepared and filed written objections to the

instructions as submitted. (Docs. 58, 61). Subsequently, the Court drafted jury instructions, and provided copies to all counsel before the close of trial. The jury charge conference was conducted on the record and in open court on Friday, October 10, 2008, after the close of testimony. Counsel had the opportunity at that time to raise objections to the Court's jury instructions. (See Doc. 106, Charge Conference Transcript).

Specific to Instruction 17, which Plaintiff now claims is misleading and inaccurate, the Court's instructions incorporated, verbatim, the "Essential Elements of Plaintiff's Claims" from Plaintiff's proposed jury instructions submitted August 25, 2008. Plaintiff's proposed instruction read:

> Plaintiff claims that defendants discriminated against him by terminating him because of his age. Thermo claims that the termination was not because of plaintiff's age but that plaintiff was terminated for poor performance in sales.
>
> Under Ohio and federal law, it is unlawful for an employer to discharge, or otherwise discriminate against any employee because of that employee's age, when the employee is over 40 years of age.
>
> In order to prevail on his claim, plaintiff must prove, by a greater weight of the evidence that the plaintiff's age was a determining factor in his termination. "Determining factor" means that plaintiff's age made a difference in the decision to terminate his employment.
>
> There may be more than one reason for defendants' decision to terminate plaintiff. Plaintiff need not prove that age was the only reason. It is not a determining factor if plaintiff would have been terminated regardless of his age.
>
> The employment relationship in this case allows the defendants to terminate the plaintiff at any time for any reason, except for a discriminatory reason. It is unlawful for any employer to terminate an employee because of age. Defendants claim that they acted for nondiscriminatory reasons. In deciding whether defendants have acted for discriminatory reasons, you should not substitute your judgment for that of defendants, even if you would have made a different business decision.

(Doc. 55-2, Proposed Jury Instructions at 17[1]). At the charge conference, Plaintiff's counsel requested that their own proposed instruction be modified to read: "that the plaintiff's age was a determining factor in his treatment [and] termination." (Doc. 106, Charge Conf. Tr. at 7). The parties agreed to the new phrasing, without objection, and the Court instructed the jury as to the "Essential Elements of Plaintiff's Age Claim" as follows:

> Under Ohio and federal law, it is unlawful for an employer to discharge, or otherwise discriminate against any employee because of that employee's age, when the employee is over 40 years of age.
>
> In order to prevail on his claim, plaintiff must prove, by a greater weight of the evidence that the plaintiff's age was a determining factor **in both his treatment and** termination. "Determining factor" means that plaintiff's age made a difference in the decision to terminate his employment.
>
> There may be more than one reason for defendants' decision to terminate plaintiff. Plaintiff need not prove that age was the only reason. It is not a determining factor if plaintiff would have been terminated regardless of his age.
>
> The employment relationship in this case allows the defendants to terminate the plaintiff at any time for any reason, except for a discriminatory reason. It is unlawful for any employer to terminate an employee because of age. Defendants claim that they acted for nondiscriminatory reasons. In deciding whether defendants have acted for discriminatory reasons, you should not substitute your judgment for that of defendants, even if you would have made a different business decision.

(Doc. 101, Jury Instructions at 17) (emphasis added). Plaintiff lodged no objections to this language at any point, and any objections were waived.

The instruction titled "Statement of the Case" was prepared in a similar manner. The Court drafted language that read:

> Plaintiff claims that the Defendants Thermo Fisher Scientific Inc., John Taulien and Jeff

---

[1] As Defendants note, the instruction closely resembles the pattern Ohio Jury Instruction, Section 266.03.

4

Schneider terminated his employment because of his age.

Plaintiff further claims Defendants retaliated against Plaintiff for filing an administrative charge with the U.S. Equal Employment Opportunity Commission (the "EEOC").

Defendants claim that the decision to terminate Plaintiff's employment was not because of Plaintiff's age, but was because of Plaintiff's failure to take the opportunity to improve his performance under his performance improvement plan. Defendants also claim that it did not retaliate against Plaintiff for filing his administrative charge, and that such charge played no role in the decision to terminate Plaintiff's employment.

I will discuss each of the elements necessary to prove Plaintiff's claims separately.

This instruction was incorporated, verbatim, directly from the parties' "Agreed" proposed jury instructions. (Doc. 55-2, Proposed Jury Instructions at 15). Even so, at the charge conference, Plaintiff's counsel objected to the language, requesting that it be broadened to include adverse employment actions in addition to termination.

The Court ruled that evidence of Plaintiff's treatment would be admitted at trial as "evidence of what the employer's motivation was in the termination." (Doc. 106, Charge Conf. Tr. at 3). The Court identified various facts that Plaintiff claims amount to adverse employment actions, and stated that "they may also add to your damages." Plaintiff's counsel stated: "I don't think we need to list the things . . . but if we talked about treated him disparately . . . that would be more accurate. . . I don't want to parse it into separate claims, Your Honor, but I would like to make it clear. . . . (Id. at 4).

Thereafter, the parties agreed to modify the "Statement of the Case" instruction to read: "Plaintiff claims that the Defendants Thermo Fisher Scientific Inc., John Taulien and Jeff Schneider **discriminated against him** and terminated his employment because of his age." (Doc. 101, Jury Instructions at 16) (emphasis added). After the Court made the change,

5

Plaintiff's counsel responded: "That will be fine, Your Honor." (Doc. 106, Charge Conf. Tr. at 5). There were no further, material objections raised with regard to the "Statement of the Case" instruction. (Id.)

It is clear from a careful review of the extensive dialogue that occurred during the Charge Conference that, at the close of the conference, the only outstanding objection by either party was Plaintiff's objection to the charge concerning "after-acquired evidence" – an instruction that is not at issue in Plaintiff's motion for new trial. (Doc. 106, Charge Conf. Tr. at 37) (The Court: "Anything else in the instructions? All right. So these are finalized with the exception of the page regarding after-acquired evidence."). Accordingly, Plaintiff did not preserve any objections to the instructions about which he now complains.

Fed. R. Civ. P. 51 provides, in relevant part, that: "no party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." The failure to object constitutes waiver of this issue on appeal. *See Libbey-Owens-Ford Co. v. Insurance Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993). Plaintiff's failure to object to the jury instructions resulted in a waiver of any objection, and for that reason alone, Plaintiff is not entitled to a new trial.

Where a party fails to comply with Rule 51, the jury's verdict can be reversed only for plain error. *See Preferred Rx, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995); *Ealy v. City of Dayton*, 1996 U.S. App. LEXIS 33236 (6th Cir., Dec. 16, 1996). Although this is not the appellate stage of this case, the Court will consider whether error occurred that was "obvious and prejudicial, and require[s] action by the reviewing court in the

interest of justice." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

The instructions given to the jury are not erroneous or misleading statements of law. Plaintiff contends that his treatment by Defendants leading up to his termination constitute separate, actionable injuries, and that the jury should have been separately advised that his treatment short of termination could be the basis for damages. In the Order denying Defendants' motion for summary judgment, the Court spelled out that evidence of employment actions, such as realigning Plaintiff's sales territory and placing him on a PIP, that ultimately serve as the basis for termination *may* constitute actionable adverse employment actions. (Opinion and Order, Doc. 63 at 14-15) ("A reasonable jury could conclude that [the territory realignment] constituted an adverse employment action."). The Court admitted evidence of Defendants' treatment of Plaintiff at trial, consistent with its Opinion.

The law is clear that adverse treatment, short of termination, can give rise to a claim of employment discrimination and damages. *See Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998). At trial, however, Plaintiff did not present evidence of damages resulting from any such treatment. For example, there was no evidence introduced at trial quantifying Plaintiff's alleged loss of income due to the territory realignment. There was no testimony that Plaintiff lost salary or bonuses as a result of being placed on the performance improvement plans. Although Plaintiff testified that he did not receive a salary increase for the year he received a performance review rating of "RI" ("requires improvement"), the jury did not hear evidence regarding the potential amount of any forfeited raise. Plaintiff did not prove that he was demoted, lost his title, seniority, or benefits, was removed from a management position or transferred. *See id.* (identifying certain recognized, actionable, tangible adverse employment actions, none of which

7

are present here). While there were sufficient material facts in dispute to survive summary judgment, no evidence was produced at trial to support a viable adverse treatment claim, such that the jury could have found in Plaintiff's favor.

"Jury instructions are not prejudicial if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its determination." *Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1181 (6th Cir. 1983). A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions "unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Bowman*, 862 F.2d at 1263. The jury instructions in this case, taken as a whole, permitted the jury to award damages to Plaintiff if they found that he was "unlawfully discriminated against . . . on the basis of his age." (Doc. 101, Jury Instructions at 25). The jury was accurately instructed that "under Ohio and federal law, it is unlawful to an employer to discharge, or otherwise discriminate against any employee because of that employee's age, when the employee is over 40 years of age." (Id. at 17). Further, the jury was instructed to consider Defendants' treatment of Plaintiff, and not just his termination. (Id. at 17, 20, 22, 25, 26, 28). As a whole, the jury instructions accurately state and explain the law of age discrimination, and there is no serious, obvious, or prejudicial error warranting a new trial.

### *Use of Juror's Post-Verdict Statement*

Plaintiff relies upon the statements of the jury foreperson, allegedly made in the course of a private conversation with Plaintiff's counsel after the verdict, apparently indicating that the jury was confused about its ability to award damages if it found that age discrimination motivated Defendants' treatment of Plaintiff, but not his termination.

Federal Rule of Evidence 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the juror's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Assuming that the juror's comments are accurately reflected in Plaintiff's motion, the statement provides no grounds for a legal challenge to the verdict under Rule 606(b), and her comments can not be "received" or considered by this Court. Fed. R. Evid. 606(b). Again, taken as a whole, the instructions are neither confusing nor misleading, and accurately state the law. The instruction specific to compensatory damages expressly states: "If you find that Defendant Thermo **unlawfully discriminated against Plaintiff on the basis of his age**. . . you must determine the amount of damages, if any, that Plaintiff has sustained." (Doc. 101, Jury Instructions at 25) (emphasis added). No distinction was drawn between termination and treatment, and accordingly, there was no basis for confusion by the jury as to its ability to award damages for unlawful treatment short of termination.

Moreover, as set out above, Plaintiff presented no evidence of damages resulting solely from his treatment, and not his termination, such that the jury could have based a monetary award on issues separate and apart from Plaintiff's termination. Plaintiff has not overcome the presumption in favor of the validity of the jury's judgment, and the Court declines to interfere with the verdict in this matter. *See Brooks*, 86 F.3d at 588.

## III.

For the foregoing reasons, Plaintiff's Motion for New Trial (doc. 103) is **DENIED.**

**IT IS SO ORDERED.**

__12-12-2008__
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**